UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER HOMES REALTY, INC.,<br>Plaintiff,<br>v.<br>LEZZGO, INC., *et al.*,<br>Defendants. | Case No. 1:26-cv-02623-JLT-CDB<br>ORDER ON STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT LEZZGO, INC.<br>(Doc. 13)<br>**Seven-Day Deadline** |

Pending before the Court is the stipulated request of Plaintiff Better Homes Realty, Inc., and Defendant Lezzgo, Inc. ("Lezzgo") to set aside the entry of default (Doc. 9) as to Lezzgo, Inc. (Doc. 13).[1]

## I. Relevant Background

Plaintiff initiated this action with the filing of a complaint on April 6, 2026. (Doc. 1). Plaintiff filed an executed summons for Defendant Lezzgo on May 27, 2026, indicating completion of service by delivery to Breanna Ruiz, the agent for service of process, on April 28, 2026. (Doc. 5). After Lezzgo failed to timely file a responsive pleading or appear in the action, the Court directed Plaintiff to file an application for entry of default and, within 30 days of any entry of default, to file and serve a motion for

[1] Defendant Lezzgo's counsel Houston Watson, II, purports to represent Defendant Gerardo Montelongo. *See* (Doc. 13). However, no proof of service of summons and complaint has been filed for Defendant Montelongo and Mr. Watson has not filed a notice of appearance on Defendant Montelongo's behalf.

default judgment. The Court further ordered Plaintiff to file proof of service of summons and complaint on Defendant Montelongo, or demonstrate good cause why the time to serve process should be continued. (Doc. 6). Plaintiff filed a request for entry of default as to Lezzgo (Doc. 8) on July 2, 2026, and the Clerk of the Court entered default as to Lezzgo on July 6, 2026 (Doc. 9). On July 9, 2026, upon the filing of a statement of good cause by Plaintiff (Doc. 11) in response to the Court's order (Docs. 6, 10), the Court extended the time in which Plaintiff was required to effect service of process upon Defendant Montelongo. (Doc. 12).

In their stipulated request, Plaintiff and Lezzgo seek to set aside the entry of default as to Lezzgo. (Doc. 12). In brief, and as far as the Court can discern from counsel's not-entirely clear representations, in early-June 2026, Lezzgo's counsel Houston Watson indicated to Plaintiff's counsel Katherine Pond that Mr. Watson would accept service for Defendant Montelongo and that exhibits not initially attached to the operative complaint, though mentioned within it, had not been received. Ms. Pond indicated she would provide said exhibits to Mr. Watson. Mr. Watson did not receive the exhibits, despite continuing correspondence between counsel. Mr. Watson had eye surgery scheduled for June 30, 2026, and could not work for a week thereafter to allow for recovery. Upon prior communication from Ms. Pond, Mr. Watson expected that Plaintiff's status report (at Doc. 7 and unsigned by Mr. Watson) would provide the Court sufficient information to set aside the deadline to request entry of default. Plaintiff and Lezzgo represent that Mr. Watson was not on the service list for the request for entry of default and learned about it upon his return to work on July 7, 2026.

Plaintiff and Lezzgo request that the Court set aside the default entered as to Defendant Lezzgo, and that Defendants' responsive pleading be set no later than August 28, 2026, based on a request for waiver of service of summons form. *See id.*

## II. <u>Governing Authority</u>

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereinafter,

"*Mesle*"). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id*. at 1091 n.1 (internal quotations and citations omitted); *see Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding the district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974); *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

## III. <u>Discussion</u>

As a preliminary matter, notwithstanding the parties' reference to a "waiver of service," there is no request for waiver of service of summons form filed on the docket for either Defendants Lezzgo or Gerardo Montelongo. Thus, it is unclear to the Court how or why Plaintiff and Defendant Lezzgo identify August 28, 2026, as the deadline for filing of a responsive pleading. Plaintiff has filed only a proof of service of summons and complaint (Doc. 5) upon Defendant Lezzgo reflecting completed service and a since-expired deadline for Lezzgo to file a responsive pleading (May 19, 2026). There is no proof of service on file as to Gerardo Montelongo.

Turning to the pending stipulation, the Court addresses the *Mesle* factors below.

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds as stated in Delgado v. Dempsey's Adult Care Homes, LLC*, No. 22-15176, 2023 WL 3034263, at *1 (9th Cir. Apr. 21, 2023)). "Intentional" conduct in this sense means "willful, deliberate, or…[in] bad faith," rather than neglectful. *TCI Grp.*, 244 F.3d at 697-98. A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *Id*. at 697.

In light of Plaintiff and Defendant Lezzgo's representations regarding the communications between counsel, and particularly the indication by Ms. Pond of pending service of unspecified exhibits unattached to the complaint (*see* Doc. 1) and of agreement to not seek Lezzgo's default (Doc. 7 at 1), the Court finds that Lezzgo did not intentionally fail to answer. Based upon Plaintiff and Defendant Lezzgo's representations, Mr. Watson's failure to file a responsive pleading was neglectful and not intentional.

**B. Meritorious Defense**

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. *TCI Grp.*, 244 F.3d at 700. However, the burden on a defendant is not extraordinarily heavy. *Id*. Indeed, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. v. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (hereinafter, "*Stone*"); *see Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. CV 06-6298-SBA, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (movant "need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage.") (citing *TCI Grp.*, 244 F.3d at 700).

Plaintiff and Defendant Lezzgo represent that Mr. Watson believes the complaint is "subject to a 12(b)(6) [m]otion which should completely dispose of the claims." (Doc. 13 at 6). Given the low burden a party must satisfy to demonstrate entitlement to setting aside default (*Stone*, 794 F.2d at 513), the Court finds that this factor weighs in favor of setting aside the entry of default.

**C. Prejudice**

"To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying the resolution of the case." *TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). "Merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of setting aside the default. *TCI Grp.*, 244 F.3d at 701. Rather, the standard is "whether [a plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater

opportunity for fraud or collusion"). Prejudice in the form of a "quick victory" is insufficient to justify denial of relief. *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir. 2000).

Plaintiff and Defendant Lezzgo have stipulated to set aside the entry of default as to Lezzgo. As Plaintiff raises no argument regarding prejudice in the stipulation (*see* Doc. 13), the Court finds setting aside entry of default as to Lezzgo would not prejudice Plaintiff. Further, this action is in an early stage; the case has not been scheduled nor has discovery opened.

* * * * *

Given that litigation of actions in default generally is disfavored and that the *Mesle* factors weigh in favor of lifting default, the Court finds that default should be set aside.

However, as there is no support in the record for any August 28, 2026, responsive pleading deadline for Lezzgo, and as the record demonstrates that service was completed upon Lezzgo (Doc. 5) on April 28, 2026, the Court will order Lezzgo to promptly file its responsive pleading. Regarding any purported exhibits to the complaint, the Court notes that no such exhibits are attached to the operative complaint (*see* Doc. 1) and, thus, they are not part of the complaint.

## IV. <u>Conclusion and Order</u>

For the foregoing reasons, it is HEREBY ORDERED that:

1. The entry of default (Doc. 9) as to Defendant Lezzgo, Inc., is SET ASIDE;
2. Within **seven (7) days** of issuance of this order, Defendant Lezzgo SHALL FILE its responsive pleading; and
3. Within **seven (7) days** of issuance of this order, Plaintiff SHALL FILE proof of service of process upon Defendant Montelongo (*see* Doc. 12).

IT IS SO ORDERED.

Dated: **July 23, 2026**

UNITED STATES MAGISTRATE JUDGE